**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 04-4973**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YOUNG DOWELL, JR.,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-04-66)

—————

Submitted:  July 25, 2005          Decided:  August 16, 2005

—————

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

—————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

—————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Michael L. Desautels, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Young Dowell, Jr. appeals his 210 month sentence resulting from his conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm Dowell's conviction, but vacate and remand for resentencing.

Dowell pled guilty and does not challenge his conviction. Dowell claims that the district court violated his Sixth Amendment rights by enhancing his sentence by virtue of a designation of career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2004), on facts not alleged in the indictment, not admitted by Dowell, and not found by a jury beyond a reasonable doubt in violation of United States v. Booker, 125 S. Ct. 738 (2005).

In order for Dowell to be designated a career offender, the Government had to establish (1) that Dowell was at least 18 at the time of the instant offense, (2) that the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) that Dowell had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a); United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005).

Dowell does not contest that he was fifty-one years old at the time of the instant offense, satisfying the first requirement for career offender status under USSG § 4B1.1(a). A controlled substance offense is: "an offense under federal or

state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Here, Dowell pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), a felony that carries a minimum sentence of ten years in prison. As the indictment states, cocaine base is a controlled substance within the meaning of 21 U.S.C. § 812 (2000). Dowell pled guilty to a controlled substance offense punishable by imprisonment exceeding one year, satisfying the second requirement of USSG § 4B1.1(a).

Dowell had one prior felony controlled substance offense. In 1998, Dowell pled guilty to delivery of cocaine base and was sentenced to one to fifteen years imprisonment. Dowell also had one prior felony crime of violence. Under USSG § 4B1.2(a)(1), a "crime of violence" includes any offense "punishable by imprisonment exceeding one year" that "has as an element the use . . . of physical force against the person of another." The commentary to USSG § 4B1.2(a)(1) states that a "'Crime of violence' includes murder." See United States v. Pierce, 278 F.3d 282, 285-86 (4th Cir. 2002). In 1980, Dowell was convicted of second degree murder and sentenced to five to eighteen years' imprisonment. Dowell does not dispute any facts related to his prior convictions.

Because Dowell had two prior felony convictions, one for a crime of violence and one for a controlled substance offense, he satisfied the third requirement of USSG § 4B1.1(a).

Dowell argues that the district court's use of his prior convictions constituted impermissible judicial fact-finding, but Booker specifically excepted prior convictions from its requirement that facts be admitted or proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756. Dowell's prior convictions qualified as a crime of violence and a controlled substance offense as a matter of law; this conclusion required no further judicial fact-finding. See United States v. Ward, 171 F.3d 188, 192 (4th Cir. 1999) (court's inquiry into career offender status generally limited to "the fact of conviction and the statutory elements of the prior offense"). The district court did not err in its ruling that Dowell qualified for the career offender sentence enhancement.

Dowell claims that even if he qualified as a career offender, the district court violated his Sixth Amendment rights because his prior convictions were not admitted by him or found by a jury beyond a reasonable doubt. In United States v. Harp, 406 F.3d 242 (4th Cir. 2005), this court, applying the plain error standard, found that even if the district court committed plain error when it determined that defendant was a career offender without the elements of that designation having been charged in an indictment, this court would not exercise its discretion to correct

that error.  <u>Harp</u>, 406 F.3d at 247.  In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."  Although the opinion in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of <u>Almendarez-Torres</u>, this court has concluded that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>.  See <u>United States v. Cheek</u>, ___ F.3d ___, 2005 WL 1669398 (4th Cir. July 19, 2005); <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002).

Dowell finally maintains that even if the district court did not err in designating him a career offender, it erred in failing to treat the guidelines as advisory.  As Dowell properly raised this issue in the district court by objecting to his sentence based on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), we review for harmless error.  The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights.  <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003).  The Government did not meet this burden because the district court gave no indication what the sentence would have been had the district court appreciated that it was not bound by the guidelines.  We

would have to speculate that the district court's error in thinking itself bound by the guidelines did not affect the sentence. In light of <u>Booker</u>, we vacate Dowell's sentence and remand the case for resentencing.[*]

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dowell's sentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
